## Richmond

JEFFREY PREVITIRE

v.

COMMONWEALTH OF VIRGINIA

No. 0669-92-2

Decided August 10, 1993

COUNSEL

Charles J. McKerns, Jr., for appellant.

Robert H. Anderson, III, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—Convicted in a bench trial of attempted aggravated sexual battery, Jeffrey Previtire contends on appeal that the evidence was insufficient to support his conviction. We agree and reverse the judgment of the trial court.

The victim, a sixteen year old girl, lived with her mother and stepfather. Approximately one week prior to May 26, 1991, after a fight with her stepfather, she moved in with Previtire, the brother of her stepfather's former wife. On the evening of May 25, 1991, the victim changed into her nightgown, wrapped a sheet around herself, and sat on a couch to watch television with Previtire. The lights were on.

The victim fell asleep. She was awakened by Previtire trying to kiss her. Previtire stated that "he wanted to eat [her] and that he wanted [her] to kiss him and that nobody would know." Although the victim protested, Previtire continued to rub the back of her neck and to kiss the side of her face. His hand "went down [her] back to [her] underwear line and came back up [her] back." The "bikini" underwear which she wore did not "go all the way up [her] back." When the victim continued to protest, Previtire left the couch and told her to keep the incident between the two of them.

Around 2:30 a.m., the victim called Vicky Porter, who was her stepsister and Previtire's niece. Ms. Porter came and took the victim home. The next morning, the victim's mother saw her and described her as a "nervous wreck . . . . She'd been crying, she wasn't properly dressed, she was shaking, she was scared."

About five weeks after the incident, the victim began receiving counseling. By the time of trial, she had been in counseling for over four months.

At the trial, Previtire denied making sexual overtures to the victim and denied doing anything other than touching her back in an effort to wake her. His girlfriend, Donna Hopkins, testified that she telephoned the victim the next morning and that the victim told her that Previtire only placed his hand on the back of her head and on her back.

Previtire's challenge to the sufficiency of the evidence is properly before this court. Defense counsel moved to strike the evidence at the end of the Commonwealth's evidence and renewed the motion at the

conclusion of all the evidence. Accordingly, we will consider the case on its merits.

" '[A]n attempt is composed of two elements: the intention to commit the crime, and the doing of some direct act toward [sic] its consummation which is more than mere preparation but falls short of execution of the ultimate purpose.' " *Scott v. Commonwealth*, 7 Va. App. 252, 263, 372 S.E.2d 771, 778 (1988) (citation omitted), *cert. denied*, 490 U.S. 1095 (1989).

Code § 18.2-67.3 provides, in pertinent part:

A. An accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and

\*\*\*

2. The act is accomplished against the will of the complaining witness, by force, threat or intimidation, or through the use of the complaining witness's mental incapacity or physical helplessness, and

\*\*\*

b. The accused causes serious bodily or mental injury to the complaining witness . . .

Code § 18.2-67.10 provides, in pertinent part:

As used in this article:

6. "Sexual abuse" means an act committed with the intent to sexually molest, arouse, or gratify any person, where:

(a) The accused intentionally touches the complaining witness's intimate parts or clothing covering such intimate parts . . ..

Previtire contends that the evidence failed to prove that he intended to sexually abuse the victim against her will by force, threat or intimidation, or that he committed a direct act toward consummating such a sexual battery.

Previtire made explicit sexual overtures toward the victim and fondled her near her intimate parts. He sought to persuade her to let him

touch her intimate parts. This conduct abundantly supports the conclusion that Previtire intended to subject the victim to sexual abuse as defined by Code § 18.2-67.10(6).

The evidence discloses no mental incapacity or physical helplessness of the victim. Previtire sought to impose nothing on her through force or threat. The Commonwealth argues that his persistence despite the victim's protests, under the circumstances of time, place, relative age and personal relationship, supports the finding that he sought to impose sexual abuse on the victim by intimidation. We disagree. The record does not support the finding that Previtire sought to inspire fear in the victim. Rather, he pursued his purpose through attempted persuasion. When persuasion failed, he abandoned the effort. This fell short of conduct that may be termed force, threat or intimidation.

Improper and indecent as Previtire's conduct was, it did not amount to an attempt to impose sexual activity upon the victim, against her will, through force, threat or intimidation. Therefore, the Commonwealth did not prove an attempted sexual battery.

Because we find the evidence insufficient to support Previtire's conviction of attempted sexual battery, we do not address the question of whether he thereby caused serious mental injury such as to elevate the offense to aggravated sexual battery.

The judgment of the trial court is reversed.

*Reversed and dismissed.*

Coleman, J., and Elder, J., concurred.